May it please the court, Davina Chen on behalf of Jesus Buzo-Zepeda. The question this case presents is whether a county jail sentence, which is limited by state law to one year, can ever constitute a sentence of imprisonment that exceeds 13 months. And the answer to that question is no. Here, Mr. — excuse me — it's undisputed that Mr. Buzo-Zepeda was only sentenced to county jail. Therefore, he could not have received a sentence of imprisonment that exceeded 13 months. He did. He didn't. Well, I understand that. That guy was in jail 13 months. I bet he thinks he was in jail for 13 months. If he says that's 12, I'm glad to agree with him if he really wants to, but the honest truth is he did get a sentence longer. First of all, the sentencing guidelines are very clear that it's the sentence pronounced and not the actual term served. But even if we were to examine the actual term served, he did not serve 13 months. That's what's so very interesting about this particular case, because the man committed an offense, and 85 days later, he was deported. So even if we assume he was arrested on the date of his offense, which we don't know, but even if we assume he was arrested on the date of his offense, got full credit for every day between that day and the day he was deported, got full good conduct credit, came back and got 194 more days of credit, it still wouldn't be 13 months. It wouldn't even be 365 days. What's weird about this case is, as we know, California courts manipulate credit. Every court does. Idaho does the same thing. I was on the Idaho bench. I know how we manipulate. We did it because we were trying our best not to have a defendant be forced to go to the hole of the penitentiary. We didn't want him up there in that cesspool. We thought we could do it better in the county jail with all the programs that we had. So therefore, we didn't do it the way California did it with the statute. We did it by even more surreptitious methods. We would say, oh, you agree not to appeal this? You agree you won't do anything about this? If you do, we'll let you stay in the county jail, and they all agreed. You know what's interesting about this case? Is Johnson sort of seems to speak to what you're talking about. We don't want you to go to state prison, and we'll let you stay in county jail. What's interesting about this case is if they had forgotten about the Johnson waiver, they forgot about 2900.5, they just didn't deal with any of that, and they actually sat down and actually calculated the credits, as opposed to saying, oh, we'll waive the other one. We don't need to calculate it if we waive it. He could have gotten a sentence of less than 365 days with full credit for every single day he had spent because his 194-day sentence was a time-served sentence. Let me ask you one more question, young lady. Just a minute. Let me ask you one more question, and that is how do you distinguish Mendoza-Morales? Mendoza-Morales is the case in which they said county jail sentences aren't imprisoned at all, right? Is that what they're talking about there? No, it said a state's characterization of its own sentence is not relevant to the federal sentence calculation. And I believe in that case what they were talking about is the characterization of a sentence, meaning is the sentence actually a sentence or not a sentence? Because in that case, they were trying to say that a county jail sentence wasn't a sentence at all. I concede that a county jail sentence is, in fact, a sentence. The question is whether state law is relevant to what the maximum sentence can be imposed is. And clearly it's not just relevant, but it's dispositive as to what the maximum sentence can be imposed is. For instance, in U.S. v. Ozine Bridgeforth, the defendant was convicted of an assault with a deadly weapon, which is a robber under California state law. He was given probation. We don't know if he had any county jail term with the probation. He violated his probation, and he was sentenced to 365 days of county jail. This court says that converted his sentence to a misdemeanor for all purposes, and under California law, a misdemeanor cannot be punished by more than 365 days. Therefore, his sentence cannot be punishable by more than 365 days. California law is dispositive on this question. Similarly, in U.S. v. Gomez-Leon, which the government cites, this court looked at someone who got, I think it was like, 217 days, and then later he got 365 days. And they didn't say, well, let's add 217 and 365. They said, well, under California law, he can't get more than 365 days, so it must have been a 365-day sentence. But I want to sort of return to Mr. Buzo's Tabetis case, because it's really interesting what happened. Because, you know, we talk about what happened. Before you return, and I want you to return, but how do I get around 4A1.2B comment note 2? 4A1.2B comment note 2. I'm saying I'll have to admit, I'm Idaho, so I'm getting it out here. But if D actually served a period of imprisonment on the sentence, And criminal history points are based on the sentence pronounced and not the length of time actually served. Sure, and the sentence pronounced in this case could not have exceeded 365 days. Because under state law, a county jail sentence cannot exceed one year. So there's no way getting around the fact that the sentence pronounced in this case can't exceed a year. It doesn't matter, and you know, again, you look at the days he served, he clearly didn't serve anywhere near 365 days. But I'm asking you to look at the sentence pronounced. He waived his back credits so that he could get a sentence that was pronounced that was under 365 days. Because that's what California law required. He didn't waive California Penal Code section 19.2, which caps the sentence at 365 days. Without that waiver, he could not have received a sentence of more than 365 days. And he didn't. Again, I must sound like a broken record. I want to look at his case particularly. Because if they had taken the time in court to actually calculate his credits, as opposed to just saying let's forget about his early credits and just give him time served, which is what they gave him. If they had actually credited every single day he had spent and all the good time, they would have said, I think it was 321 days was credit for time served. And under U.S. v. Gomez-Leon, that clearly would have received only two points. Because that is less than 13 months. This man received a 270 day, but then he waived it. Then he received 194 days, and that is his sentence, which is under 13 months. It just can't be more than that. And there we have comment 2, which we've already talked about. And then we have 4A1.2K1, which says, where there was an original term of imprisonment for an offense, and then a later term imposed upon the revocation of probation on that offense. Those terms are added together. The total term is used to compute the criminal history points. So if I take comment 2, and I add that to 4A1.2K1, I'm left with, on the first, he was given a period of imprisonment, and whether he served at all or not, if he served any one day, I have to give it on the sentence pronounced. And second, he was given a term of imprisonment, and if he served one day, I have to give it on the sentence pronounced. And if I add those two together, we have greater than 12 months. True, but you have to look at the resulting total, which is the maximum sentence pronounced. And the court was not allowed to pronounce a sentence of more than 365 days. And that is under California law. So I understand it seems a little bit counterintuitive that if you add 270 and 194, you get more than 365 days. But that's why he executed the Johnson waiver, so that that first one would go away. Okay. It's about shooting guns in the air. May it please the Court, Jennifer Resnick on behalf of Appellee United States of America. I think that defendant misstates the issue in this case. This is an issue of Federal law. It's an interpretation of the guidelines in this case. And the guidelines are very clear, as you were previously discussing. 4A1.2K states that you add the original term of imprisonment to the term of imprisonment on probation violations. And in this case, he had 270 days. Whether he served that whole 270 days doesn't matter. California court recognized that he had a 270-day sentence, regardless of how much time he'd served. And that's why he waived back that full amount of time. Federal law is also clear that it's the sentence pronounced that governs. And it doesn't matter whether the sheriff let him out early or not on that case. That's inconsequential. And to preserve uniformity, we have to look to what the actual sentence pronounced was. And defendant makes a point of saying that in California, you can't be sentenced to more than one year in jail. And for a misdemeanor, that's true. And that's where Bridgeforth is distinguishable. Bridgeforth was about misdemeanors and when a wobbler becomes a misdemeanor. But that's not the case we have here. We have a straight felony. This is not a wobbler. It's punishable by up to four years in prison. And the judge thought that, you know, that this guy didn't necessarily deserve prison. But he didn't necessarily deserve 95 days in jail, which was the alternative of one year of prison in this case. And even though one year is, even though Section 19.2 says that one year is the cap, one year is the cap that you can be committed to jail. It doesn't say that you can only be sentenced to one year in jail. It says you can be committed to jail for more, for any given offense. So with the interplay of 2900.5 of the California Penal Code, you get this problem where when you get credits for the time you've actually served, then you have this one year cap. And so that's where the Johnson waiver comes into play. But the law is very clear that it's committed. And if you look at the statutory history of 19.2, which is outlined in Johnson, in the original Johnson case, it's very clear that they didn't want defendants committed to more than one year of jail because they didn't see any rehabilitation purpose staying in jail for more than one year. So you're saying for the crime of conviction, he could have been sent to prison. No, he could have. In excess of the one year, but because they wanted to keep him in jail, then they had to deal with the 365-day cap. Exactly. Because he was given probation, he could only get 365 days in jail. And when he violated his probation,  so they had to deal with the cap. But the statutory history is very clear that it's the offense that we're looking at, and each individual offense. It's not as with misdemeanors where there's just a one-year sentence cap. So the guidelines do its purpose. I don't think there are any further questions. Okay. If there are no further questions, I'll submit. Thank you. Just briefly to clarify two points. One, under California Penal Code, even if you're convicted of a felony and no one's disputing that Mr. Guzman Cepeda was convicted of a felony, the maximum time you can spend in county jail on that felony conviction is 365 days. So it doesn't really matter in this case whether it was a felony conviction or a misdemeanor conviction. If the judge had decided he wanted to put him in prison, he could have gone over. Yes, he could have. You got a break from the judge. He did. And that brings us to the second point, and that's this idea that because the judge didn't think 95 days was enough, that that's why the Johnson waiver was executed. The man got time served. So it wasn't a matter of the judge thinking, well, 95 days isn't enough, because he had already spent the 194 days. The judge gave him a 194-day sentence. So, again, although if you look theoretically at Johnson, the idea is that, well, the judge might want to give him 365 more days, and he ought to be able to do that. That's simply not what happened in this case. He received a time-served sentence. If it had been 94 days, 95 days, he wouldn't have needed a Johnson waiver at all. Understanding the Johnson waiver waives the prior sentence, serves both the language and the spirit of the guidelines. Language says what's the maximum sentence imposed. Here, the maximum sentence that could be imposed was 365 days.
judges: Schroeder, Fisher, Smith N. R.